RICHARDSON *v.* STATE.

Opinion delivered June 29, 1925.

1. BAIL—ERRONEOUS ENTRY OF DISCHARGE.—Where defendant pleaded
guilty, whereupon the cause was continued and the pronounce-
ment of sentence was suspended until a subsequent term, and
the surety was ordered to stand on his present bond for defend-
ant's appearance at such term, the clerk's erroneous entry of judg-
ment that defendant was placed in the sheriff's custody, with
orders to present him to court at such term for sentence, did not
transfer him from custody of the bail to that of the officers, so
as to discharge the surety on his bail bond, nor estop the State
from claiming a forfeiture of his bond.

2. COURTS—CORRECTION OF RECORD.—It is within a court's discretion
to enter a *nunc pro tunc* judgment connecting the record at a
subsequent term, in criminal as well as civil cases.

Appeal from Columbia Circuit Court; *L. S. Britt,*
Judge; affirmed.

*Joe Joiner,* for appellant.

*A. D. Pope,* for appellee.

HUMPHREYS, J. Leon Richardson, the son of appellant,
was indicted at the February term of the Columbia County
Circuit Court for the crime of having a still and making
mash. He was subsequently arrested and gave a bond
conditioned for his appearance in said court on the 7th
day of February, 1923; and, if convicted, to render him-
self in execution thereof; and, failing to perform either
of said conditions, to pay the State of Arkansas the sum
of $500. Appellant signed the bond as surety. On
the 19th day of February, 1923, the same being a day
of the February, 1923, term of said court, Leon Richard-

son appeared in court and entered a plea of guilty to the crime, whereupon the cause was continued, and the pronouncement of sentence was suspended until the August, 1923, term of said court, it being ordered that Leon Richardson remain and stand on his present bail bond for his appearance at that time. Through a misprision of the clerk, a purported judgment was entered of record to the effect that Leon Richardson appeared in court at the February, 1923, term thereof, pleaded guilty, was placed in the custody of the sheriff, and the sheriff was ordered to present him to the court at the August term for sentence. As a matter of fact, Leon Richardson was not delivered to the sheriff nor ordered into the custody of the sheriff by the court. He did not appear at the August, 1923, term of court, and forfeiture was declared upon the bond. A summons was issued upon the forfeiture against appellant, returnable at the next term of court. In response to the summons, appellant filed an answer interposing as a defense the judgment which had been erroneously entered of record by the clerk. The prosecuting attorney then moved for and obtained a *nunc pro tunc* judgment, correctly reflecting the order which was actually made by the court, and used same as a basis upon which to procure judgment against appellant upon the bond. Appellant has prosecuted an appeal to this court from the judgment obtained against him on the bond, claiming that it should be reversed upon the alleged grounds: first, that the entry of the judgment by the clerk effected his discharge upon the bond; and, second, that the court was without power to enter the *nunc pro tunc* order correcting the judgment which the clerk erroneously entered.

(1) Appellant relies upon the case of *Ford* v. *State*, 100 Ark. 515 in support of his first contention for a reversal of the judgment. In that case, the defendant entered a plea of guilty; and at the same term of court was adjudged to pay a fine of $100. The execution of the judgment was suspended until the next term of

court. The effect of this proceeding was to take the defendant out of the custody of the bail and place him in the custody of the proper officers of the law. In the instant case, no judgment was rendered against Leon Richardson. He entered a plea of guilty, and, by agreement, the cause was continued until the August term of court for judgment and sentence. Had he appeared at the August term, he might have withdrawn his plea of guilty by the permission of the court. *Joiner* v. *State,* 94 Ark. 198. No final judgment was rendered against him when he entered his plea of guilty as in the Ford case. There was not only a continuance of the cause, but he was held upon his bond to the August term of court. The entry of an erroneous judgment by the clerk could not have the effect of transferring Leon Richardson from the custody of the bail to the custody of the officers. The authority to do this rested solely in the court. The entry of an erroneous order by the clerk could not estop the State from claiming a forfeiture of the bond and enforcing the penalty therein against the sureties.

(2) It is within the sound discretion of a court to enter *nunc pro tunc* judgments to cause the record to speak the truth at subsequent terms of court in criminal as well as in civil cases. *Goddard* v. *State,* 78 Ark. 226.

No error appearing, the judgment is affirmed.