McPherson *v.* State.

Crim. 3849

Opinion delivered September 25, 1933.

*Mark E. Woolsey,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J., (after stating the facts). It is uniformly held that a court of record may correct mistakes in its record which did not arise from the judicial acts of the court but from the mistakes of its recording officers. *Smith* v. *Wallis-McKinney Coal Co.,* 140 Ark. 218, 215 S. W. 385. It is also thoroughly settled that it is within the court's discretion to enter a *nunc pro tunc* order correcting the record at a subsequent term in criminal as well as civil cases. *Richardson* v. *State,* 169 Ark. 167, 273 S. W. 367; *Goddard* v. *State,* 78 Ark. 226, 95 S. W. 476; *Bowman* v. *State,* 93 Ark. 168, 129 S. W. 80, and *Hydrick* v. *State,* 103 Ark. 4, 145 S. W. 542.

The evidence was ample to justify the court in making the order *nunc pro tunc* sentencing the appellant on the pleas of guilty already long entered, and it does not appear that any discretion was abused in so doing. It was established that appellant had pleaded guilty to the two indictments in question, and it is not necessary to consider the demurrer or any plea of former conviction or the plea that more than two terms of court had elapsed since the return of the indictments without appellant having been brought to trial. The pleas of guilty formerly entered precluded any consideration of the questions attempted to be raised by these three pleas at the time of the rendition of the judgment.

It is true the judgment did not follow until long after the pleas of guilty were entered in these two cases, but the prosecution had not been abandoned nor the cases dismissed, as appears from the testimony, and appellant could not have been prejudiced by the failure of the court to sooner enter judgment and sentence against him. *Stocks* v. *State,* 171 Ark. 835, 286 S. W. 975.

Neither was any showing made of abuse of discretion in refusing to allow the defendant to withdraw his pleas

of guilty and enter pleas of not guilty to the said indictments. *Estes* v. *State,* 180 Ark. 633, 22 S. W. (2d) 36.

It may be that appellant had the impression at the time the pleas of guilty were entered that these two cases against him would be dismissed or *nol prossed* upon entry of judgment in the other seven cases in which pleas of guilty were made, but the evidence herein discloses that there was no such agreement made by the State at the time or any conduct that would warrant such belief on his part, and, there being no error in the record, the testimony being amply sufficient to support the court's findings, the judgment must be affirmed. It is so ordered.