Harry Lee **JOHNSON**, Appellant,

v.

James **MABRY**, Commissioner, Arkansas Department of Correction, Appellee.

No. 79–1041.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1979.

Decided July 18, 1979.

Richard Quiggle, Little Rock, Ark., on brief for appellant.

Joseph H. Purvis, Asst. Atty. Gen., Little Rock, Ark., for appellee; Steve Clark, Atty. Gen., Little Rock, Ark., on brief.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.[*]

MacLAUGHLIN, District Judge.

Petitioner Harry Lee Johnson appeals from the dismissal by the District Court of his petition for a writ of habeas corpus. The central issue on this appeal concerns the propriety of a change in a commitment order made at the direction of the state court judge who originally sentenced petitioner. The change purported to correct the original commitment order to reflect that the sentence imposed on petitioner provided for consecutive, rather than concurrent 15-year terms. We affirm the District Court.

On March 21, 1974, petitioner Harry Lee Johnson was convicted of both burglary and grand larceny, a total of two counts, in the Arkansas Circuit Court for Mississippi County. The jury's verdict fixed his punishment for burglary as "imprisonment in the State Penitentiary for a period of 15 years" and did the same for his larceny conviction. Judge A. S. Todd Harrison, who presided at petitioner's trial, orally sentenced defendant on March 21, 1974. On the same day, a judgment was signed by Judge Harrison, which recited that the two 15-year terms were to run consecutively. This judgment, however, was not filed with the Clerk of the Circuit Court until May 6, 1974. On March 26, 1974, a commitment order was issued by the Clerk of the Circuit

[*] The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

Court to the state Department of Corrections, which provided that the two 15-year terms were to run concurrently. Petitioner Johnson was committed to the Arkansas Department of Corrections pursuant to this commitment order.

On February 19, 1975, petitioner wrote to Judge Harrison and requested that the time he had to serve under his sentence be credited with the time he served in custody awaiting trial on the burglary and grand larceny charges. On June 2, 1975, a new commitment order was issued by the Clerk of the Circuit Court for Mississippi County, labeled "corrected," which provided that the defendant was to be "credited for time in jail while awaiting trial" and that the 15-year terms were to run consecutively. Like the first commitment order, the second order recited that one-third of the sentence was to be served before petitioner became eligible for parole. On June 4, 1975, two days after the second commitment order was issued, Judge Harrison wrote a letter to petitioner which indicated that he had reviewed the file and that the two terms were to run consecutively. Ultimately, in April, 1976, a third commitment order was issued. This order paralleled the second order in all respects, except that it specified the amount of jail time for which petitioner was to be credited.

Subsequently, Johnson filed a petition under Rule 1 of the Rules of the Supreme Court of Arkansas, which alleged that his trial counsel was constitutionally ineffective and sought post-conviction relief. The state trial court dismissed Johnson's Rule 1 petition, and Johnson appealed. The Supreme Court of Arkansas affirmed the dismissal of the Rule 1 petition, but declined to rule on the propriety of the change in the commitment order because the issue had not been presented to the trial court.

Thereafter, Johnson brought the present action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An evidentiary hearing on Johnson's habeas corpus application was held on June 21, 1978, before United States District Judge Terry L. Shell. On June 25, 1978, before the issues in this case were resolved, Judge Shell died. Thereafter, the case was assigned to United States District Judge Richard S. Arnold, who entered findings of fact and conclusions of law on the basis of affidavits, exhibits and a transcript of the June 21st hearing, all pursuant to an agreement of the parties.

At the June 21st hearing, counsel for the Commissioner of Corrections indicated that no transcript existed or could be prepared of the original sentencing, as the court reporter who transcribed the sentencing had retired and apparently destroyed her notes as to cases which had not been appealed. Petitioner testified at the hearing that Judge Harrison had orally pronounced the 15-year terms to run concurrently. However, both Charles Banks, petitioner's trial attorney, and Lieutenant Moore of the Osceola police, testified that they were present in the courtroom when petitioner was sentenced, and that Judge Harrison sentenced petitioner to two consecutive 15-year terms. Their version is corroborated by affidavits filed by Judge Harrison, deputy sheriff Grover Meadows, and Henry Swift, the attorney in charge of the prosecution of petitioner. Each of these affidavits recited that the sentence imposed on March 21, 1974, provided that the two 15-year terms were to run consecutively. On the other hand, the petitioner's version of the sentencing is in part corroborated by affidavits filed by family members and a fellow inmate, all of whom were in the courtroom at the time of sentencing. Another affidavit, apparently from an employee in the office of the Clerk of the Mississippi County Circuit Court, indicates that the initial commitment order's recitation that the sentences were to run concurrently was due to a clerical error, and that this clerical error was corrected by the June 2nd commitment order.

The District Court, after evaluating the exhibits, transcript and written materials, concluded that Judge Harrison originally sentenced petitioner to two 15-year consecutive terms. In so concluding, the District Court explicitly found that petitioner's evidence was not as credible, and was less

persuasive, than the opposing evidence and therefore petitioner failed to establish that he was entitled to relief. Because the petitioner failed to establish that the original sentence imposed concurrent 15-year terms, the District Court reasoned that no alteration of the sentence or judgment had occurred as a result of the second commitment order, and that no error of constitutional dimension was presented.

■■■ The petitioner argues on appeal that the District Court's finding that consecutive terms were originally imposed is erroneous; that the state court judge lacked the jurisdiction to change the commitment form; and that the change in the commitment form placed the petitioner twice in jeopardy and deprived him of due process. It is well settled that a trial court lacks jurisdiction to alter a previously imposed valid sentence once the defendant begins to serve the sentence, and for the court to subsequently alter a sentence places the defendant in double jeopardy. *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed.2d 1283 (1936); *Ex Parte Lange*, 18 Wall. 163, 21 L.Ed. 872 (1874); *Rowley v. Welch*, 72 App. D.C. 351, 114 F.2d 499 (1940). In *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), the Supreme Court determined that the addition of a clause in a commitment form which imposed a further penalty on the defendant was void because such a penalty was not included as a part of the trial judge's oral pronouncement of the sentence. In so holding, the Court noted that the penalties to be imposed on the defendant "must have expression in the sentence, and the sentence is the judgment." *Id.* at 464, 56 S.Ct. at 762. The Court also added that the prisoner is to be held in custody, "not by virtue of the warrant of commitment, but on account of the judgment and sentence" and further that an order of "commitment departing in matter of substance from the judgment back of it is void." *Id.* at 465, 56 S.Ct. at 762. Thus, the teaching of *Hill* is that the oral sentence pronounced by the sentencing judge constitutes the judgment, and anything inconsistent with the judg-

ment which is included in a commitment order is a nullity. It is also clear that the trial court has the power to correct mistakes made in court records in order to make the records consistent with the judgment of the court. *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936); *Kennedy v. Reid*, 101 U.S.App.D.C. 400, 249 F.2d 492 (1957); *Williams v. State*, 229 Ark. 42, 313 S.W.2d 242 (1958); *McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); Federal Rule of Criminal Procedure 36.

■ Petitioner's contentions on appeal are entirely dependent on whether the sentence of the state trial court provided that the two 15-year terms were to run concurrently or consecutively. If the sentence of Judge Harrison provided that the 15-year terms were to run concurrently, then the change in the commitment order operated to alter the judgment, and petitioner's constitutional claims would have vitality. Otherwise, as the District Court found, if the sentence of Judge Harrison provided that the 15-year terms were to run consecutively, it was manifestly proper for the state trial court to correct the clerical error in the initial commitment order so that it was consistent with the judgment of the court.

■ Federal Rule of Civil Procedure 52(a) provides that findings of fact shall "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." While the clearly erroneous standard of review is certainly the norm, an appellate court "is not bound by the district court's credibility evaluation of witnesses where the evidence is submitted by deposition or in other documentary form." *Gay Lib v. University of Missouri*, 558 F.2d 848, 853 n.10 (8th Cir. 1977). Moreover, where the evidence is documentary in nature, an appellate court has the right to interpret such evidence independently. *Frito Lay, Inc. v. So Good Potato Chip Co.*, 540 F.2d 927, 930 (8th Cir. 1976). As the District Court did not observe any witnesses, but rather based its

decision only on the transcript of the June 21st hearing before Judge Shell, and other documentary evidence, the clearly erroneous standard of review is not applicable and this Court is free to render an independent judgment on factual matters.

Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Bellew v. Gunn*, 532 F.2d 1288 (9th Cir. 1976). Thus, in the instant proceeding, it was incumbent upon petitioner Johnson to establish by a preponderance of the evidence that the change of the original commitment order was unconstitutionally accomplished. 28 U.S.C. § 2254(a).

We have concluded from our independent evaluation of the evidence that the District Court did not err in finding that the sentence imposed by the state trial court judge provided for two 15-year terms to run consecutively and that the second commitment order operated to correct a clerical error. Other than petitioner, all of the involved principals at the sentencing, including petitioner's own attorney, have stated that the sentence in question provided for consecutive terms. Although there is some evidence to the contrary, we agree with the District Court that the evidence presented by the petitioner is less credible, and that the testimony and affidavits presented by the appellee, as well as the written "judgment" signed by Judge Harrison on the date of the sentencing, which recited that the 15-year terms were to run consecutively, is more persuasive. Consequently, petitioner has failed to establish by a preponderance of the evidence that the sentence imposed provided for concurrent terms, and his constitutional contentions have no merit.[1] *Kennedy v. Reid*, 101 U.S. App.D.C. 400, 249 F.2d 492 (1957).

The judgment of the District Court is affirmed.

---

1. Although petitioner has raised the issue of his right to be present before the change in the commitment order was perfected, we find it unnecessary to reach this issue as petitioner has acknowledged that any subsequent opportunity to be present before the state trial judge would be a meaningless ritual. More importantly, in view of the complete record made in this habeas corpus proceeding, any error which may have occurred by the failure to have the petitioner present before the second commitment order was issued would be harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Kennedy v. Reid*, 101 U.S.App.D.C. 400, 249 F.2d 492 (1957).