Sophocles LOVETT v. STATE of Arkansas

CA CR 79-22                          591 S.W. 2d 683

Opinion delivered December 12, 1979
Released for publication January 9, 1980

*Robert B. Gibson*, for appellant.

*Steve Clark*, Atty. Gen., by: *Robert R. Ross*, Deputy Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was convicted on April 5, 1979, by a jury, of criminal attempt to commit rape. The jury assessed a fine of $500.00.

Appellant asserts two points for reversal:

1. The trial court erred in not entering a judgment on the jury's verdict prior to July 30, 1979 — 116 days after appellant's conviction.

2. That the trial court erred in ruling that appellant could not introduce evidence relating to an abortion performed on the victim.

Appellant argues that although he was convicted of the charge filed against him on April 5, 1979, the trial court did not enter a judgement on the verdict until July 30, 1979; that appellant filed his notice of appeal on May 1, 1979, and that appellant, at the time, ''was not aware that judgment had not been entered, until after the filing or lodging of the Transcript with the Arkansas Court of Appeals''; and that as a matter of law, there was no judgment from which an appeal could be properly taken. Therefore, argues appellant, the case should be reversed, dismissed and appellant reimbursed of his costs of $714.70.

Rules 36.4 of the Rules of Criminal Procedure provides:

Upon the return of a verdict of guilty, if tried by a jury, or the finding of guilty if tried by a circuit court without a jury, sentence *may be* pronounced and the judgment of the court *may be* then and there entered, or sentencing and the entry of the judgment *may be* postponed to a date certain then fixed by the court, not more than thirty (30) days thereafter, . . . (Emphasis added.)

While Rule 36.4 makes it clear that the sentencing of a defendant and the entry of the judgment *may be* pronounced immediately, or postponed to a date certain fixed by the court, not more than thirty (30) days thereafter, there is no provision indicating that a failure to observe this stipulation in any way affects the validity of the proceedings resulting in the conviction of a defendant. Furthermore, the word ''may'' as used in the rule implies permissive or discretional, rather than mandatory, action; and it is construed in a permissive sense unless it can be said that when the provision of a statute is the essence of the thing required to be done, it is mandatory, otherwise, when it relates to form and manner, and where an act is incidental, after jurisdiction is acquired, it is directory merely. *Nathan* v. *State*, 235 Ark. 704, 361 S.W. 2d 637 (1962); *Dunn* v. *Dunn*, 222 Ark. 85, 257 S.W. 2d 283 (1953). It is plain that Rule 36.4 is directory rather than mandatory.

Moreover, appellant has not shown in any way how he has been inconvenienced or prejudiced by the belated entry

of the *nunc pro tunc* judgment. Inasmuch as appellant sought to appeal from his conviction to this Court, it was incumbent upon him to take the initiative to see that the trial record was complete in every respect in order to enable this Court to entertain jurisdiction and view the proceedings objectively. Without a judgment having been entered, appellant had no basis for an appeal unless it was demonstrated that the trial court has abused its discretion in refusing to enter a judgment. It is clear from this record that when the trial court was advised that judgment had not been entered on the jury's verdict, the court immediately entered a *nunc pro tunc* judgment.

In *Richardson* v. *State*, 169 Ark. 167, 273 S.W. 2d 367 (1925), our Supreme Court emphasized that it was within the sound discretion of the trial court to enter *nunc pro tunc* judgments to cause the record to speak the truth in criminal as well as in civil cases.

Finally, appellant argues that he should have been permitted to cross-examine the victim about a trip that she purportedly made to California for an abortion. Appellant stresses that that evidence relating to the abortion was relevant to the issue of consent and the victim's reputation.

The trial court, in excluding the evidence, stated that his ruling was based in part upon the fact that appellant testified that the child was not his and that appellant had further testified that he gave the victim money to make the trip to California.

The purported attempt to commit rape occurred on June 3, 1978, south of Warren on Highway 15, while the purported abortion occurred in September, 1977.

Under these circumstances, we are unable to say that the trial judge abused his discretion in excluding the offered testimony about the alleged abortion. *Brown* v. *State*, 264 Ark. 944, 581 S.W. 2d 549 (1979).

Affirmed.