## CITY OF LITTLE ROCK *v.* James A. RAGAN

88-125                                        763 S.W.2d 87

Supreme Court of Arkansas
Opinion delivered January 30, 1989

*Mark Stodola*, City Attorney, by: *Thomas C. Carpenter*, Asst. City Att'y, for appellant.

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre*, for appellee.

STEELE HAYS, Justice. On February 2, 1982, the Pulaski County voters approved a countywide sales tax. Subsequently, the Pulaski County Quorum Court passed Ordinance 82-OR-12 imposing both a sales and use tax on residents. Pulaski County began collecting this tax on April 1, 1982, and pursuant to state law distributed the tax collections, per capita, to the several municipalities in the county.

In *Ragan v. Venhaus*, 289 Ark. 266, 711 S.W.2d 467 (1986), we held that the use tax portion of the county ordinance constituted an illegal exaction, remanding the case to chancery court to determine a remedy. After a number of hearings the chancellor issued a proposed judgment, to which the City of Jacksonville objected based in part on the allowance of interest on the judgment against the municipal defendants.

The chancellor issued a judgment on July 23, 1987, determining the specific amounts of money owed to James Ragan and

all similarly situated taxpayers by Pulaski County, and by the cities of Little Rock, North Little Rock, Jacksonville, and Sherwood. In this judgment no interest was allocated against Pulaski County because of Ark. Code Ann. § 16-65-114(b) (1987), which prohibits recovery of interest on any *county* indebtedness. Since cities are not excepted under this statute, the cities of Little Rock, Jacksonville, North Little Rock and Sherwood were assessed both pre- and postjudgment interest.

No appeal was taken from the judgment, but on October 20, 1987, the City of Little Rock filed a motion to amend the judgment under ARCP Rule 60(b) in order "to prevent the miscarriage of justice." On March 14, 1988, the chancellor denied the motion, and from this ruling the City of Little Rock has appealed, citing ARCP Rule 60(b) in support of its contention that the alleged error in the lower court constitutes a miscarriage of justice as the term is used in Rule 60(b):

> To correct any error or mistake or to *prevent the miscarriage of justice*, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk. [Our emphasis.]

We do not reach the merits of the argument because we have held frequently that the trial court loses the power to act under Rule 60(b) after ninety days from the filing of the judgment, decree or order with the clerk. *Diebold and First National Bank of Wynne* v. *Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987); *Mullen v. Couch*, 288 Ark. 231, 703 S.W.2d 866 (1986); *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985); *McGibbony* v. *McGibbony*, 12 Ark. App. 141, 671 S.W.2d 212 (1984); *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983); *Southern Farm Bur. Cas. Ins. Co.* v. *Robinson*, 238 Ark. 159, 379 S.W.2d 8 (1964); *Fitzjarrald* v. *Fitzjarrald*, 233 Ark. 328, 344 S.W.2d 584 (1961); *King & Houston* v. *State Bank*, 9 Ark. 185 (1848). Here, while appellant's motion was filed on the 89th day and thus was timely, any power by the court to act on the motion lapsed with the expiration of the ninety days.

In *Cigna Ins. Co* v. *Brisson*, 294 Ark. 504, 746 S.W.2d 558

[Supplemental Opinion on Rehearing (1988)], confronted with the exact situation now presented, we wrote:

> When the circuit court failed to modify or vacate its June 4 order within ninety days, it lost all power to act under ARCP Rule 60(b). *Hayden* v. *Hayden*, 291 Ark. App. 582, 726 S.W.2d 287 (1987); *Board of Equalization, Washington County* v. *Evelyn Hills Shopping Center*, 251 Ark. 1055, 476 S.W.2d 211 (1972).

> In *St. Louis and N.A. Ry. Co.* v. *Bratton*, 93 Ark. 234, 124 S.W. 752 (1920), we pointed out there is no authority after the term of court has expired for a trial court to revise a judgment. The term of court was later changed to ninety days and is now incorporated in ARCP Rule 60(b).

The order appealed from is

AFFIRMED.