Jed LINEBERRY and Heather Renee Lineberry
*v.* STATE of Arkansas

CR 95-532                                    907 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*Sam Sexton, III*, for appellants.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Robert L. Brown, Justice. On July 22, 1994, the appellants, Jed Lineberry and Heather Renee Lineberry, were found guilty by the Ft. Smith Municipal Court of violating the Used

Motor Vehicle Buyers Protection Act and fined $250 plus costs. On Monday, August 22, 1994, the Lineberrys paid the municipal court clerk the fee for the record to appeal the judgment of conviction to circuit court. The payment of the fee for the appeal was actually paid on the thirty-first day following the entry of judgment because the thirtieth day fell on a weekend. The record of the municipal court proceeding was not filed in circuit court until August 23, 1994, which was the thirty-second day from entry of judgment.

The prosecutor moved to dismiss the Lineberrys' appeal because the record was not lodged in circuit court within 30 days as required by Inferior Court Rule 9(a). The Lineberrys responded that the fault for lateness lay with the municipal court clerk and that Rule 9(a) was unconstitutional as applied because it violated their right to trial by jury and their due process rights as protected by the Arkansas and U.S. Constitutions. The circuit court dismissed the appeal as being untimely filed and remanded the matter to Ft. Smith Municipal Court.

On appeal, the Lineberrys mount the argument that Inferior Court Rule 9(a) works an impermissible waiver of their right to a jury trial. Rule 9(a) states: "All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment." We have previously applied Rule 9(a) to criminal appeals. *Ottens* v. *State*, 316 Ark. 1, 871 S.W.2d 329 (1994); *Bocksnick* v. *City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992); *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989).

The precise issue of whether a late filing in circuit court thwarted the right to a jury trial was addressed by this court in 1989. *See Edwards* v. *City of Conway, supra.* In *Edwards*, the appellants also failed to perfect their appeal in circuit court within the required 30 days. We held that Inferior Court Rule 9(a) was mandatory and jurisdictional and that the appeal was appropriately dismissed for lateness. We then addressed the jury-trial argument:

> However, persons are not entitled to a jury trial in municipal court except that such right to jury remains inviolate when they pursue their appeal to circuit court where their

case is tried *de novo. See* Ark. Code Ann. §§ 16-17-703 and -704 (Supp. 1987). That appeal, as previously discussed above, must be properly perfected; the circuit court has no authority to accept untimely appeals. In other words, in order to exercise this right in circumstances as those present here, a timely appeal must have been filed pursuant to Arkansas Inferior Court Rule 9.

*Edwards*, 300 Ark. at 138, 777 S.W.2d at 584.

■ This court has steadfastly refused to countenance untimely appeals from municipal court to circuit court. *See Hawkins* v. *City of Prairie Grove*, 316 Ark. 150, 871 S.W.2d 357 (1994); *Ottens* v. *State, supra; Bocksnick* v. *City of London, supra; Edwards* v. *City of Conway, supra.* This is so even when the right to a *de novo* jury trial is lost due to a late filing of the record. These decisions, however, are not at odds with our criminal rules or the Arkansas or U.S. Constitutions. The right to a jury trial presupposes that the party is properly within the court's jurisdiction. Here, that was not the case owing to the Lineberrys' lateness in filing the record in circuit court.

■ The Lineberrys further contend that the procedure under Inferior Court Rule 9(a) violates the due process clause of the Arkansas and U.S. Constitutions. They argue that this is the case for three reasons: (1) technical errors of counsel should not deprive them of a jury trial in circuit court; (2) their access to the circuit court has been denied; and (3) as appellants from municipal court, they have been denied the same right to a belated appeal that appellants to the state appellate courts are afforded. None of these precise arguments was broached at the circuit court level. The Lineberrys merely contended in circuit court that due process required a fair trial in a fair tribunal. This contention was an adjunct to their jury-trial argument, which we have already answered in this opinion. With respect to the new reasons for reversal, we will not consider arguments raised for the first time on appeal. *See Spears* v. *State*, 321 Ark. 504, 905 S.W.2d 828 (1995); *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995).

Affirmed.