William J. McCUEN *v.* STATE of Arkansas

CR 97-1520                                999 S.W.2d 682

Supreme Court of Arkansas
Opinion delivered September 30, 1999

*John Wesley Hall, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Todd L. Newton,* Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant William J. McCuen appeals from a judgment entered *nunc pro tunc* which corrected an earlier judgment and commitment order by adding a fine of $30,000. McCuen contends in this appeal that the omission of the $30,000 fine in the first judgment is a judicial error which cannot be corrected after appeal. We disagree and affirm.

On April 29, 1996, McCuen was sentenced by the trial judge in open court to seventeen years imprisonment and a $30,000 fine, following guilty pleas entered previously. The next day, the trial judge signed the judgment and commitment order, but that judgment did not include the $30,000 fine which had been imposed.

On May 3, 1996, McCuen filed a petition to vacate his sentence and to allow withdrawal of his pleas. On approximately July 23, 1996, he filed a *pro se* motion to correct sentences imposed in an illegal manner. Both of these petitions were denied by the trial judge, and this court affirmed those denials in the first appeal of

this matter. *See McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997) (*McCuen I*). The mandate was issued in this case on April 25, 1997.

On September 9, 1997, McCuen filed a petition for writ of *habeas corpus* in federal district court and asserted for the first time that the State could not collect the $30,000 fine, because the fine was not part of the written judgment entered against him. The day after McCuen filed his *habeas* petition, the State filed a motion for correction of judgment and commitment order and sought to have the original judgment amended to include the $30,000 fine. On September 11, 1997, McCuen filed a response to the State's motion and contended that the trial judge had lost jurisdiction to amend the original judgment, because the case had already been appealed to this court and a mandate had been returned.

On September 18, 1997, the trial judge entered a judgment and commitment order *nunc pro tunc* in which he stated that the $30,000 fine had been "inadvertently omitted" from the original judgment.

McCuen appeals from the corrected judgment and maintains that the trial judge was without jurisdiction to amend the original judgment and commitment order because it occurred after the date of the first appeal and after the mandate was issued. Though he makes this argument, McCuen agrees that there is no dispute that the trial judge sentenced him in open court to pay $30,000 and serve seventeen years in prison. It is the omission of the fine in the judgment signed by the trial judge and entered the following day that McCuen claims constitutes a judicial error that cannot be corrected after the mandate is returned.

McCuen discusses several theories in support of his argument which we will discuss *seriatim*. He first contends that once a sentence is placed into execution, it cannot be modified, and he cites three cases in support of his position. *See Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996); *Redding v. State*, 293 Ark. 411, 783 S.W.2d 410 (1987); *Glick v. State*, 283 Ark. 412, 677 S.W.2d 844 (1984). None of these cases, however, involved a fact situation where there was no dispute over the correctness of the oral

sentence pronounced in open court, or where a second judgment was entered *nunc pro tunc* to reflect the truth of that sentence.

■ For example, in *Glick v. State, supra,* the trial judge did not state as part of the sentencing whether the multiple sentences would run concurrently or consecutively, and the first judgment was silent on that point. It was only in a later, amended judgment that the trial judge stated that there had been a clerical error and that the sentences should run consecutively. We observed on appeal that a judgment could be corrected subsequently to speak the truth and to correct a clerical mistake but not to modify a judicial act. We cited *McPherson v. State,* 187 Ark. 872, 63 S.W.2d 282 (1933), for that proposition, and held that the trial judge was attempting to modify an earlier judgment and had no authority to do so.

■ The instant case is different factually from the *Glick* case. Here, there is no dispute over whether the trial judge's sentence in open court included the fine. Furthermore, it is clear that there was a clerical error that omitted the fine in the judgment signed the next day, which led to the trial judge's later judgment entered *nunc pro tunc.* That later judgment was manifestly for the purpose of correcting the judgment so that it would speak the truth and was not a belated modification of a judicial act. Even McCuen acknowledges in his brief that mistakes occur due to the volume of precedents for judgments and orders which a judge must sign. We affirm on this point.

■ McCuen next urges that Rule 60(a) of the Arkansas Rules of Civil Procedure requires that clerical mistakes be corrected before an appeal is docketed, and after that, if the appeal is pending, clerical mistakes may only be corrected with leave of the appellate court. We know of no case where this court has held that this civil rule applies to criminal cases, and McCuen adduces none. We hold that Rule 60(a) does not govern a *nunc pro tunc* judgment entered to make the original judgment in a criminal case speak the truth such as we have before us in the instant case.

■ For his third argument, McCuen claims that correcting the judgment after the appeal in *McCuen I* was simply too late. Again, we disagree. It is true that we said in *Fletcher v. State,* 198

Ark. 376, 379, 128 S.W.2d 997, 998 (1939), that judgments could be corrected to speak the truth "in aid of the jurisdiction of the appellate court." Nevertheless, we do not view this clause as foreclosing the correction of a clerical mistake after an appeal or after the mandate's issuance. Certainly, that was not the issue considered and resolved by the court in *Fletcher v. State, supra.*

■ For his final point, McCuen questions whether what occurred in this case was mere clerical error. He contends that clerical error may have been involved in the preparation of the precedent, but when the trial judge signed the judgment and commitment order, it became a judicial act. This argument overlooks the fact that the previous day in open court the trial judge sentenced McCuen to seventeen years in prison and the $30,000 fine. When the matter of the fine was subsequently brought to his attention, the trial judge promptly corrected the omission and described it as "inadvertent." There is nothing before us to suggest that this is not what happened. We conclude that this is precisely the kind of clerical error meant to be corrected by a judgment entered *nunc pro tunc.*

■ In sum, a subsequent judgment entered *nunc pro tunc* to correct an erroneous judgment to speak the truth was the appropriate course for the trial judge to take. *See Sherman v. State,* 326 Ark. 153, 931 S.W.2d 417 (1996); *Clements v. State,* 312 Ark. 528, 851 S.W.2d 422 (1993); *Lovett v. State,* 267 Ark. 912, 591 S.W.2d 683 (1979); *Harrison v. State,* 200 Ark. 257, 138 S.W.2d 785 (1940). Our standard of review in such cases is abuse of discretion, and we hold that in this case, the trial judge acted well within the bounds of his discretion. *See Lovett v. State, supra; Richardson v. State,* 169 Ark. 167, 273 S.W.2d 367 (1925). As an additional point, we note that there was no showing that McCuen was inconvenienced or prejudiced by the *nunc pro tunc* judgment, because he was present in open court when the fine was meted out by the trial judge as part of his sentence. *See Lovett v. State, supra.*

Affirmed.