STATE of Arkansas *v.* Beatrice DAWSON

CR 00-935 38 S.W.3d 319

Supreme Court of Arkansas
Opinion delivered February 15, 2001
[Petition for rehearing denied March 22, 2001.]

---

*Id.*

Mark Pryor, Att'y Gen., by: Valerie L. Kelly, Ass't Att'y Gen., for appellant.

Daniel D. Becker, for appellee.

JIM HANNAH, Justice. The State of Arkansas appeals or, in the alternative, petitions for a writ of certiorari from Appellee Beatrice Dawson's order of acquittal in a Saline County Circuit Court bench trial on third-degree assault charges. Dawson was convicted of the charge in Benton Municipal Court and appealed to Saline County Circuit Court from that finding.

### Facts

The case was heard on May 25, 1999, by the Benton Municipal Court, and the court found Dawson guilty of third-degree assault and entered judgment that day. Dawson appealed this conviction to the Saline County Circuit Court on June 25, 1999, filing the notice of appeal and transcript that day. Trial was set on July 26, 1999, but neither Dawson nor her attorney appeared. The circuit court originally dismissed the case for "lack of prosecution" by Dawson, but then set this order aside on motion of Dawson who claimed that she and her attorney were not notified of the trial date.

The circuit court held a bench trial on January 10, 2000, and found Dawson "not guilty." Judgment was entered on January 13, 2000, and an Order of Acquittal was entered on January 25, 2000. That same day, the State filed a Notice of Appeal pursuant to Rule 3(b) of the Arkansas Rules of Appellate Procedure—Criminal, contending that the trial court erred in considering collateral consequences of a conviction on Dawson's employment record.

Almost two months later on March 23, 2000, the State filed a Motion to Vacate Judgment and Remand to Municipal Court on the basis that Dawson's appeal from municipal court and request for trial de novo was not timely filed pursuant to Arkansas Inferior Court Rule 9(a), because it was filed on the thirty-first day after entry of the municipal court judgment. Dawson responded on April 24, 2000, arguing that the State's motion to vacate was not timely filed and the circuit court lacked jurisdiction to grant the motion because the State had already filed a notice of appeal. A hearing was held on this motion on June 9, 2000. The trial court denied the State's motion in a written order filed that day.

On June 13, 2000, the State filed a notice of appeal from the trial court's denial of its motion to vacate, contending that the trial court erred in failing to vacate its acquittal order because the trial court had no subject-matter jurisdiction to try Dawson due to Dawson's untimely appeal from municipal court.

## I. Direct Appeal by the State

In this appeal, the State first argues that the issues satisfy the requirements under Rule 3(b) and (c) of the Arkansas Rules of Appellate Procedure—Criminal to allow this court to hear the State's appeal. The State requests that this court allow it to make a collateral attack on void judgments of acquittal pursuant to Arkansas Rule of Civil Procedure 60(a), which this court would be applying for the first time to criminal proceedings. The State attempts to analogize this relief to a defendant's ability to seek postjudgment relief in Rule 37 petitions and petitions for writ of habeas corpus, and argues that if the defendant is afforded such relief, the State should be also. The State argues that such a ruling would be important to the correct and uniform administration of the criminal law. Dawson responds that this appeal should not be considered because it turns on the specific facts of this case and, therefore, does

not involve interpretation of the criminal rules with widespread ramifications. Furthermore, Dawson argues that State appeals are not allowed merely to show that the trial court erred.

 Arkansas Rules of Appellate Procedure—Criminal 3(b) and (c) state:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

> (c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and *that the correct and uniform administration of the criminal law* requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

(Emphasis added.) Before addressing the merits of the State's claim in this case, the court must first decide whether this issue is properly before us under Rule 3(c). *State v. Thompson*, 343 Ark. 135, 34 S.W.3d 33 (2000); *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997). Specifically, the court must decide whether the correct and uniform administration of justice requires us to review this point. This court's review of the State's appeals is not limited to cases that would establish precedent. *Thompson; State v. Gray*, 330 Ark. 364, 955 S.W.2d 502 (1997). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916). Where the resolution of the issue on appeal turns

on the facts unique to the case, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000); *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000); *State v. Howard*, 341 Ark. 640, 19 S.W.3d 4 (2000).

In reviewing the State's basis for a direct appeal, it is clear that the State is requesting that this court allow it to collaterally attack judgments in criminal cases based on Ark. R. Civ. P. 60. Rule 60(a) and (b) state:

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

> (b) *Exception; Clerical Errors.* Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

This rule was revised by per curiam order on January 27, 2000, in response to case law.[1] The commentary to the rule notes that as amended, subdivision (a) is a slightly modified version of the prior subdivision (b). Subdivision (a) states the general rule that the court may, with prior notice to all parties, modify a judgment, decree or order within ninety days of its filing with the clerk to "correct

---

[1] Prior to the January 2000 amendment, Rule 60(a) and (b) stated:

(a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice, if any as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) *Ninety-Day Limitation.* To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

errors or mistakes or to prevent the miscarriage of justice." The revised subdivision (b) now expressly states an exception from the ninety-day limit for "clerical mistakes" and errors "arising from oversight or omission," which may be corrected at any time with prior notice to the parties.

The amendment is consistent with *Lord v. Mazzanati*, 339 Ark. 25, 2 S.W.3d 76 (1999) (decision prior to modification which streamlined Rule 60(a) and (b)) wherein this court stated:

> Rule 60(a) is merely a restatement of Arkansas's well-settled law, empowering the trial court to enter nunc pro tunc judgments to cause the record to speak the truth, whether in criminal or civil cases. *See Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (1980); *McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); *Richardson v. State*, 169 Ark. 167, 273 S.W. 367 (1925). Just recently we upheld a trial court's authority to enter an order nunc pro tunc in a criminal case when more than a year and a half had passed since the original judgment had been filed and mandate had issued. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d682 (1999). While we noted in *McCuen* that Rule 60(a) itself does not specifically refer or apply to a criminal case, it is obvious that Rule 60(a) does apply to civil cases, and its plain language adopts the same longstanding rule utilized in all cases — that trial courts may correct clerical errors at any time. In these circumstances, a trial court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. [Citations omitted.]

*Lord*, 339 Ark. at 28-29. However, as the court noted in *Lord*, it has specifically found that prior Rule 60(a) does not apply in a criminal case. *See McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999) (court denies use of prior Rule 60(a) in criminal cases or to correct errors in a criminal judgment to make it "speak the truth"); *see also*, *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000) (court denies use of current Rule 60 in criminal cases or to allow reconsideration of a circuit court's order remanding a case to municipal court after petitioner failed to appear in circuit court).

■ Regardless of whether the current Rule 60(a) or (b) has been or ever could be applied to criminal cases, the *theory* behind the rule has been applied to criminal cases. *See, e.g.*, *McCuen; Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (Ark. App. 1979); *McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); *Richardson v. State*, 169 Ark. 167, 273 S.W. 367 (1925). However, relief under the current

Rule 60(a) may only be granted within the ninety days, and the court's power to modify expires after the passage of the ninetieth day. *See Cigna Ins. Co. v. Brisson,* 294 Ark. 504, 744 S.W.2d 716 (1988); *City of Little Rock v. Ragan,* 297 Ark. 525, 763 S.W.2d 87 (1989).

■ Exceptions to the ninety-day time limit are noted in Rule 60(b) and Rule 60(c). Rule 60(b) allows "clerical errors" in "judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission" to be corrected at any time or with permission of the appellate court if the appeal is pending. In *McCuen,* for example, this court upheld a trial court's modification of an order over a year and a half after the original judgment had been filed and mandate had issued. The correction in *McCuen,* however, was made to include language in the judgment reflecting a fine levied against McCuen in open court but which was omitted in the written order. Such a correction is one that is specifically allowed under the current Rule 60(b) to correct a "clerical error" to make "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord,* 339 Ark. at 29. In addition, Rule 60(c) allows a judgment to be set aside under certain circumstances not applicable here.

■ Here, the State is asking this court to allow its appeal in this case and others to challenge "void judgments of acquittal" pursuant to Rule 60(a) or (b). There are three problems with the State's position. First, the State is asking for specific relief under Rule 60(a) or its theoretical equivalent, and such relief may only be granted by the court within ninety days of the entry of the judgment. Here, Dawson's judgment of acquittal was entered by the circuit court on January 13, 2000. Almost sixty days later, the State filed its motion to vacate that order on March 23, 2000. The court, however, did not issue its decision on the motion until June 9, 2000, almost five months and well over ninety days after the judgment was entered. As such, the State's ability to utilize Rule 60(a) or its theoretical equivalent expired. *See Slaton v. Slaton,* 330 Ark. 287, 956 S.W.2d 150 (1997); *Griggs v. Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993). Furthermore, the State's grounds for vacating the judgment do not fall within any of the exceptions in Rule 60(c), which would allow modification after the ninety-day time limit.

■ Second, our case law only allows modification of an order after ninety days under the current Rule 60(b) "to correct mistakes or errors [or] to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord*, 339 Ark. at 29. Here, the State is not requesting an appeal to correct an error or mistake in the judgment itself "to speak the truth" as it occurred in the proceedings, but instead to change the circuit court's actual order "to make it speak what it did not speak but ought to have spoken." Rule 60(b) or its theoretical equivalent was not intended for such use, and to allow the State to use it in criminal cases for any purpose but to correct one of the limited reasons in Rule 60(b) or (c) would be to misapply the rule.

■ Finally, allowing the State to use Rule 60 here would only act to expand the State's ability to appeal cases beyond those allowed under Ark. R. App. P.—Crim. 3. Rule 3 requires that the State show that there is a reason for the appeal, and to allow Rule 60(a) to apply in this case would automatically give the State a reason to appeal every time a judgment of acquittal is entered in circuit court without having to show that it is for the "correct and uniform administration of the criminal law." This court has stated:

> There is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. The former is a matter of right, whereas the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to Rule 3.

*Guthrie*, 341 Ark. at 628. Applying Rule 60 here would create and apply a rule broader than necessary in this case. We hold that the State has not demonstrated that the appeal of this matter involves the correct and uniform administration of the law and the direct appeal pursuant to Rule 3 is dismissed.

## II. Writ of Certiorari

In its second point on appeal, the State argues that if a direct appeal is not allowed, this court should consider this matter as a petition for a writ of certiorari. The State argues the writ is proper because the circuit court was wholly without jurisdiction. The State asserts this is so because the record was not filed in circuit court within thirty days as required by Arkansas Inferior Ct. R. 9(a). The State argues that the record clearly indicates that Dawson

lodged her appeal too late, and this case is proper for a writ of certiorari. Dawson responds that the writ is not proper because the State had other adequate remedies such as presenting a motion to the municipal court to enforce its judgment, filing a motion in circuit court to dismiss the appeal, objecting to the August 9, 1999, order by the circuit court indicating that the appeal was timely filed, raising the timeliness issue in the first notice of appeal from the circuit court's order, seeking a writ of prohibition to prevent the circuit court from proceeding, or diligently seeking review of the jurisdiction issue. Dawson argues that the State's lack of diligence and failure to challenge the matter in other ways now precludes the State from asking for a writ of certiorari here.

 A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Id.* The court will grant a writ of certiorari only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *May Constr. Co., Inc. v. Thompson*, 341 Ark. 879, 20 S.W.3d 345 (2000); *Cooper Communities, Inc. v. Benton County Cir. Ct.*, 336 Ark. 136, 984 S.W.2d 429 (1999). It is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992). This court has the discretion to treat an appeal from an order, judgment, or decree which lacks judicial support as if it were brought up on certiorari. *Whitehead v. State*, 316 Ark. 563, 873 S.W.2d 800 (1994); *Dennison v. Mobley, Chancellor*, 257 Ark. 216, 515 S.W.2d 215 (1974). A writ of certiorari can address actions already taken by the lower court. *May Constr. Co., supra.*

 Rule 9, "Appeals to circuit court," states:

> (a) *Time for Taking Appeal.* All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

This court has held that the thirty-day requirement for filing under Rule 9 is mandatory and jurisdictional, and the circuit court has no authority to accept untimely appeals. *Lineberry v. State,* 322 Ark. 84, 907 S.W.2d 705 (1995); *Bocksnick v. City of London,* 308 Ark. 599, 825 S.W.2d 267 (1992); *Edwards v. City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989). The timely filing of a notice of appeal is, and always has been, jurisdictional. *Ottens v. State,* 316 Ark. 1, 871 S.W.2d 329 (1994); *Larue v. Larue,* 268 Ark. 86, 593 S.W.2d 185 (1980). Because jurisdiction is the power or authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised at any time by either party, even for the first time on appeal. *Ibsen, supra; Young v. Smith,* 331 Ark. 525, 964 S.W.2d 784 (1998); *Ottens, supra.* Subject-matter jurisdiction also may be raised before this court on its own motion, and this court has done so in criminal cases. *See Simpson v. State,* 310 Ark. 493, 837 S.W.2d 475 (1992); *Howard v. State,* 289 Ark. 587, 715 S.W.2d 440 (1986); *Coones v. State,* 280 Ark. 321, 657 S.W.2d 553 (1983).

 Our case law regarding Rule 9 and subject-matter jurisdiction is clear — an untimely appeal precludes jurisdiction from being established in the appellate court to hear the case. If a court acts without jurisdiction, a writ of certiorari is proper. In *Ottens,* this court found that the untimely filing of the record under Rule 9 divested the circuit court of jurisdiction to hear an appeal from municipal court. As such, a writ of certiorari is proper here and shall be granted because the circuit court was wholly without jurisdiction to try the case de novo. Therefore, the judgment of the municipal court remains valid and enforceable. *Ibsen, supra.*

Writ of Certiorari granted.

BROWN, J., concurs in part; dissents in part.

R OBERT L. BROWN, Justice, concurring in part; dissenting in part. The State appeals on the basis that the judgment of acquittal for Beatrice Dawson is void due to lack of subject-matter jurisdiction in the circuit court and that this court should permit a collateral attack on the void judgment under Arkansas Rule of Civil Procedure 60(a). The majority correctly refuses to apply Rule 60(a) to criminal proceedings. *See Ibsen v. Plegge,* 341 Ark. 225, 15 S.W.3d 686 (2000); *McCuen v. State,* 338 Ark. 631, 999 S.W.2d 682 (1999).

The majority, however, then goes forward and permits the State to accomplish the same result by granting a petition for writ of *certiorari* to collaterally attack an order of acquittal. I do not agree with using *certiorari* for this purpose. In the past, this court has been resolute in holding that *certiorari* may not be used as a substitute for appeal. *Arnold v. Spears*, 343 Ark. 517, 36 S.W.3d 346 (2001); *Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995); *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988); *Henderson Meth. Church v. Sewer Imp. Dist. No. 142*, 294 Ark. 188, 741 S.W.2d 272 (1987); *Burney v. Hargraves*, 264 Ark. 680, 573 S.W.2d 912 (1978). *Farm Service Coop. v. Cummings*, 262 Ark. 810, 561 S.W.2d 317 (1978); *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973).

It is true that most of these cases deal with petitions for *certiorari* filed before an appeal was ripe. But that is exactly the point. *Certiorari* is available to correct jurisdictional defects or gross abuses of discretion while the case is ongoing. It should not be available as a vehicle for collaterally attacking an order of acquittal after that final order has been entered and time for appeal has passed. Indeed, the State cites no authority for allowing this.

State appeals are narrowly circumscribed under Rule 3 of the Rules of Appellate Procedure—Criminal. The majority opinion provides a new avenue for State reviews of judgments of acquittal and, in doing so, expands the scope of Rule 3 considerably. What it could not do under Rule 3, we allow it to do by *certiorari*. It appears clear that this appeal was not timely filed by Dawson in circuit court. But it is equally clear that the State did not challenge the jurisdictional defect until after trial, acquittal, and the time for appeal and posttrial motions had expired. Apart from the Double Jeopardy implications in all this, it appears that the State was not diligent and, thus, forfeited its right to petition for extraordinary relief.

For these reasons, I respectfully dissent from the decision granting the writ of *certiorari*.