SLIP OPINION

Cite as 2016 Ark. 224

# SUPREME COURT OF ARKANSAS

No. CV–16–121

| | | |
|---|---|---|
| ROY LEE RUSSELL | | **Opinion Delivered** May 26, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. CV2016-9-3] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE ROBERT BYNUM GIBSON, JUDGE |
| | APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On August 8, 2013, appellant Roy Lee Russell was found guilty by a jury of battery in the second degree and being a felon in possession of a firearm. He was sentenced as a habitual offender to serve 180 months' imprisonment and 480 months' imprisonment, respectively, to be served consecutively for a total of 660 months. On August 8, 2013, the circuit court entered the sentencing order and stated each offense and sentence. The order also stated that the aggregate term of imprisonment to be served by Russell was 480 months, rather than the 660 months. On August 19, 2013, the circuit court entered an amended sentencing order that stated that a total sentence of 660 months' imprisonment had been imposed. The Arkansas Court of Appeals affirmed the judgment. *Russell v. State*, 2014 Ark. App. 357.

On January 11, 2016, Russell, filed a pro se petition for writ of habeas corpus alleging that he is being illegally held on an invalid conviction. Russell alleged that his 2013

SLIP OPINION

sentencing order is invalid on its face and the circuit court lacked jurisdiction to enter the order. On January 7, 2016, the circuit court denied Russell's petition on the ground that Russell had not stated a ground for the writ. Russell brings this appeal and contends that the circuit court erred in denying his requested relief.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Further, a writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

On appeal, Russell contends that the circuit court erred in denying his petition alleging that the amended order is invalid on its face and the circuit court was without jurisdiction to enter the order. Based on the record before us, we do not find merit in Russell's argument.

SLIP OPINION

First, where there was an obvious clerical error, a trial court has jurisdiction to correct the clerical error to make the judgment speak the truth and may enter a judgment nunc pro tunc to correct an erroneous judgment. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999) (*citing Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996); *Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (1979); *Harrison v. State*, 200 Ark. 257, 138 S.W.2d 785 (1940)); *see also Green v. State*, 2013 Ark. 497, 39, 430 S.W.3d 729, 753-54 (2013). Second, at trial, in open court, Russell's sentence of 180 months' imprisonment and 480 months' imprisonment, for a total of 660 months' imprisonment was pronounced. Russell did not object to the sentence imposed.

Here, the August 8, 2013 order correctly stated each offense and sentence, but under the "TOTAL TIME TO BE SERVED FOR ALL OFFENSES in months" erroneously listed the total as 480 months, rather than the aggregate 660 months. Also, like McCuen, Russell's argument overlooks the fact that a few days prior to the entry of the amended sentencing order, in open court, the trial judge sentenced Russell to 660 aggregate months' imprisonment. This is precisely the kind of clerical error meant to be corrected by a judgment entered nunc pro tunc. *See McCuen*, 338 Ark. at 635, 999 S.W.2d at 684. Moreover, clerical errors do not prevent enforcement of a judgment-and-commitment order. *Burgie v. Norris*, 2010 Ark. 267 (per curiam). Finally, clerical errors do not entitle a petitioner to relief in a habeas-corpus proceeding. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam).

Accordingly, here, the order contained a clerical error, was corrected and is enforceable. Because Russell did not meet his burden of establishing a ground for a writ of

habeas corpus, we affirm the circuit court's order. *Fields*, 2013 Ark. 416.

Affirmed.

*Roy Lee Russell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.