## WAL-MART STORES, INC. *v.* REGIONS BANK TRUST DEPARTMENT and Linda Burkeen

03-876 156 S.W.3d 249

Supreme Court of Arkansas
Opinion delivered March 25, 2004

*Quattlebaum, Grooms, Tull & Burrow, PLLC,* by: *Leon Holmes, Steven W. Quattlebaum,* and *Thomas G. Williams,* for appellant.

*Lane, Muse, Arman & Pullen,* by: *Richard S. Muse* and *Taylor, Halliburton & Ledbetter,* by: *Mark Ledbetter,* for appellees.

JIM HANNAH, Justice. Wal-Mart Stores, Inc., appeals the order of the Garland County Circuit Court reinstating the jury verdict and judgment in favor of Regions Bank Trust Department, guardian of the estate of Michael Burkeen, and Linda Burkeen, individually, and as guardian of the person of Michael Burkeen. This case was previously before this court. *See Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't, et al.,* 347 Ark. 826, 69 S.W.3d 20 (2002) (*Wal-Mart I*). Since this case is a subsequent appeal following an appeal which has been decided in this court, we have jurisdiction of the case pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (2003).

*Facts*

In *Wal-Mart I*, Wal-Mart appealed a jury verdict in favor of Michael and Linda Burkeen in their negligence action against Wal-Mart. In that case, Wal-Mart raised three issues on appeal. First, Wal-Mart argued that the trial court erred in denying Wal-Mart's motion for directed verdict; this court affirmed on that issue. Second, Wal-Mart argued that the trial court erred in excluding evidence of Linda's felony theft conviction, which had been expunged on June 30, 2000. We reversed and remanded on that issue, holding that the trial court erred in ruling that the felony conviction was inadmissible because there was no finding that Linda had been rehabilitated as required by Ark. R. Evid. 609(c). Wal-Mart's third point on appeal was that the trial court erred in excluding an audiotape and transcript of a 1993 interview that Michael gave to a police officer regarding the investigation of Linda. This court held that since Linda's felony conviction should have been admitted, then the audiotape and transcript of Michael's interview concerning the investigation of Linda should have also been admitted.

This court's mandate was issued on March 27, 2002. On April 15, 2002, Linda obtained an "Amended Order to Expunge and Seal with Express Finding of Rehabilitation." The order provided that Linda "has satisfactorily complied with the orders of this Court, and that this Court make an express finding of Petitioner's rehabilitation and that an Amended Order to Expunge and Seal with Express Finding of Rehabilitation should be granted." In addition, the order stated that the original order to expunge and seal was "reaffirmed to the extent consistent herewith and modified to the extent inconsistent herewith."

After obtaining the amended order, Linda filed a "Motion to Reinstate the Jury Verdict and Judgment for Plaintiff." Over Wal-Mart's objection, the trial court granted the motion and reinstated the jury verdict and judgment.

On appeal, Wal-Mart argues that after this court reverses and remands a case to the trial court due to the trial court's abuse of discretion in an evidentiary ruling, a party cannot "cure" the abuse of discretion and avoid a new trial, thereby circumventing this court's mandate. Wal-Mart also argues that the Yell County Circuit Court had no jurisdiction to enter an amended order of expungement; thus, the amended order was void.

## Motion Reinstating the Jury Verdict and Judgment

In its order reinstating the jury verdict and judgment in favor of the Burkeens, the trial court stated, in part:

> . . . the Court finds that the Plaintiff's Motion to Reinstate the Jury Verdict and Judgment is granted, the Court finding that if the instant case was re-tried, the Court would make the same exclusionary rulings made at the original trial which resulted in the verdict and judgment of February 2, 2001; said exclusionary rulings barred the use by Defendant of an expunged conviction of Linda Burkeen and an audiotape of Michael Burkeen; the Court finds that the Amended Order to Expunge and Seal with Express Finding of Rehabilitation compels this result; in sum, re-trial in this case is unnecessary as the issues are identical; the Court finds nothing in the mandate or appellate opinion which requires a second trial under these circumstances.

\* \* \*

 Wal-Mart contends that the trial court's actions were in direct conflict with the opinion and mandate of this court in *Wal-Mart I*. We have long held that the trial court, upon remand, must execute the mandate. In *Fortenberry v. Frazier*, 5 Ark. 200 (1843), this court held:

> The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated, by the Supreme Court.

*Fortenberry*, 5 Ark. at 202. In *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998), we adopted the Third Circuit Court of Appeals' rules regarding a trial court's treatment of a case on remand. We stated:

> The history of the mandate rule was reviewed recently by the Third Circuit Court of Appeals. *See Casey v. Planned Parenthood*, 14 F.3d 848 (3d Cir. 1994). In *Casey*, the Third Circuit observed:
>
> > Of these rules, the most compelling is the mandate rule. This fundamental rule binds every court to honor rulings in the case

by superior courts. As the Supreme Court has stated, "In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948).

*Casey*, 14 F.3d at 856. Quoting from *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985), the Third Circuit went on to underscore the deference a trial court must give to the mandate:

> A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

*Casey*, 14 F.3d at 857.

In *Dolphin, supra*, we also cited with approval a few of the major precepts regarding mandates, stating:

> A "mandate" is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed.

5 Am. Jur. 2d, § 776.

> However, the lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. Therefore, the question of whether the lower court followed the mandate is not simply one of whether the lower court was correct in its construction of the case, but also involves a question of the lower court's jurisdiction.

5 Am. Jur. 2d, § 784. . . .

> Any proceedings on remand which are contrary to the directions contained in the mandate from the appellate court may be considered null and void.

5 Am. Jur. 2d, § 791.

*Dolphin, supra.*

Regions contends that a new trial is unnecessary because Linda has "cured" the deficiency in her expungement order.

Regions argues that there are no issues remaining between the parties because Linda "literally complied with the mandate" and "presented proof of her rehabilitation."

■ Regions's argument is without merit. It is clear that Regions ignores the fact that the mandate is not directed to Linda. Rather, the mandate is *directed to the trial court*, and it instructs that court to recognize, obey, and execute the appellate court's decision. *Barclay v. Farm Credit Servs.*, 340 Ark. 65, 68, 8 S.W.3d 517, 579 (2000) (citing 5 Am. Jur. 2d, § 777 (1995) (emphasis added)).

In *Wal-Mart I*, we reversed and remanded the jury verdict and judgment of the trial court. In reinstating the jury verdict and judgment, the trial court failed to recognize, obey, and execute our decision. In its order reinstating the jury verdict and judgment, the trial court stated that it was unnecessary to try the case for a second time because the trial court would make the same evidentiary rulings as it had in the first trial, *i.e.*, the trial court would exclude evidence of Linda's felony conviction and Michael's interview. Despite our mandate directing the trial court to execute our order of a new trial, the trial court instead reinstated the same judgment we had just reversed.

■ Directions by an appellate court to the trial court as expressed by the opinion and the mandate must be followed exactly and placed into execution. *Dolphin, supra*. The trial court's authority was circumscribed in this case, and the trial court was empowered only to hold a new trial. The trial court's reinstatement of the jury verdict and judgment unquestionably exceeded those bounds. The trial court erred in reinstating the jury verdict and judgment. Accordingly, we reverse and remand for a new trial. Having decided that the trial court failed to follow our mandate, it is not necessary for us to address the issue of whether the Yell County Circuit Court lacked jurisdiction to amend Linda's order of expungement.

Reversed and remanded.

Tom Glaze, J., concurring. I agree a new trial is required, however, I believe law of the case precluded appellees from retrying the issue of the admissibility of Linda's felony conviction.

Dickey, C.J., and Corbin, J., not participating.