Grover SMITH, et al. *v.*
AJ&K OPERATING CO., et al.

CR 05-193

227 S.W.3d 899

Supreme Court of Arkansas
Opinion delivered February 9, 2006

[Rehearing denied February 19, 2006.]

---

*Smith Stag, L.L.C.,* by: *Stuart Smith, Michael G. Stag,* and *Amber E. Cisney; Boswell, Tucker & Brewster,* by: *Ted Boswell* and *Dennis Davis,* for appellants.

*Chisenhall, Nestrud & Julian, P.A.,* by: *Charles R. Nestrud* and *Ann P. Faitz,* for appellees.

DONALD L. CORBIN, Justice. Appellants Grover Smith, et al. (the Landowners) appeal the order of the Union County Circuit Court lifting the temporary restraining order against Appellees AJ&K Operating Co., et al. (the Oil Companies) and allowing the Oil Companies to remediate the land under appropriate guidelines. This case was previously before this court; *see AJ&K Operating Co., Inc. v. Smith,* 355 Ark. 510, 140 S.W.3d 475 (2004) (*Smith I*); hence, we have jurisdiction of the case pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (2005). We find no error and affirm.

In *Smith I,* the Oil Companies appealed the trial court's order denying their motion to modify a temporary restraining order (TRO) which was entered against them. The Oil Companies raised four arguments on appeal: (1) that there was no irreparable harm to support injunctive relief; (2) that the existence of concurrent jurisdiction before the Arkansas Oil and Gas Commission and a court of law does not authorize the injunction entered in this case; (3) that public policy of the State demands that remediation take place under the direction of appropriate regulatory authorities; (4) that the reason for granting the injunction which was to preserve the Landowners' "cost of repair" damage claim was based on misinterpretation of Arkansas law. We reversed and remanded, holding that "the circuit court abused its discretion in concluding that there was irreparable harm to the Landowners and in refusing to modify the [TRO]." *Smith I,* 355 Ark. at 512, 140 S.W.3d at 477.

On January 8, 2004, we issued a mandate directing the trial court to modify its TRO and allow the Oil Companies onto the property to begin remediation. On March 12, 2004, the Oil Companies filed a Joint Motion for Purpose of Lifting Injunction requesting that the trial court schedule a hearing for the purpose of implementing our mandate. On November 8, 2004, the trial court held a hearing to address the Oil Companies' motion. After the hearing, on November 18, 2004, the trial court entered an order lifting the TRO and allowing the Oil Companies to remediate the land under appropriate guidelines. This appeal followed.

For their first point of appeal, the Landowners argue that the trial court erred in ordering them to allow the Oil Companies entry onto their property for the purpose of conducting clean-up operations. The Landowners divide their argument into four sub-parts: (1) the trial court erred in entering an order to allow the Oil Companies entry onto their property without making a determination of the parties' rights in the land; (2) the Oil Companies have no rights in the land at issue that would entitle them to enter the property against the Landowners' will; (3) the Oil Companies failed to prove the required irreparable harm needed to entitle them to an injunction; (4) the Oil Companies are attempting to limit the Landowners' choice of remedy. Upon review, the Landowners' arguments are the same arguments as those raised previously in *Smith I.* Nevertheless, it is unnecessary to even examine these arguments as the Landowners are essentially asking us to reverse the trial court's order that was entered pursuant to our mandate in *Smith I.* This argument has absolutely no merit.

We have long held that the trial court, upon remand, *must* execute the mandate. *See Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't,* 356 Ark. 494, 156 S.W.3d 249 (2004); *Dolphin v. Wilson,* 335 Ark. 113, 983 S.W.2d 113 (1998); *Fortenberry v. Frazier,* 5 Ark. 200 (1843). Recently, in *Wal-Mart Stores,* 356 Ark. 494, 156 S.W.3d 249, we reviewed the history of the mandate rule, and stated:

> The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated, by the Supreme Court.

*Id.* at 497, 156 S.W.3d at 252 (quoting *Fortenberry,* 5 Ark. at 202). Furthermore, in *Dolphin,* 335 Ark. 113, 983 S.W.2d 113, we adopted the Third Circuit Court of Appeals' rules for a trial court's treatment of a remanded case, explaining:

> The history of the mandate rule was reviewed recently by the Third Circuit Court of Appeals. *See Casey v. Planned Parenthood,* 14 F.3d 848 (3d Cir. 1994). In *Casey,* the Third Circuit observed:
>
>> Of these rules, the most compelling is the mandate rule. This fundamental rule binds every court to honor rulings in the case by superior courts. As the Supreme Court has stated, "In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948).
>
> *Casey,* 14 F.3d at 856. Quoting from *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir. 1985), the Third Circuit went on to underscore the deference a trial court must give to the mandate:
>
>> A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.
>
> *Casey,* 14 F.3d at 857.

*Id.* at 118, 983 S.W.2d at 114. We have made it very clear, "[d]irections by an appellate court to the trial court as expressed by the opinion and the mandate must be followed exactly and placed into execution." *Wal-Mart Stores,* 356 Ark. at 499, 156 S.W.3d at 253. With this in mind, we now look to the present case.

In *Smith I,* 355 Ark. 510, 140 S.W.3d 475, we reversed the trial court's refusal to modify its TRO and explicitly directed "that the TRO be modified to permit the Oil Companies to clean up and remediate the land under such reasonable guidelines as the court may set." *Id.* at 521, 140 S.W.3d at 483. In its November 18, 2004 order, the trial court followed our mandate and stated, "[t]he plain language of the Supreme Court ruling is for this Court to lift the temporary restraining order and allow the Oil Companies to remediate the land under appropriate guidelines. That is the

purpose of this order, and all other issues are reserved." Because we issued a mandate directing the trial court to modify the TRO and allow remediation, we will not now reverse the trial court's order that implements that mandate. Consequently, the trial court did not err in ordering the Landowners to allow the Oil Companies entry onto their property for the purposes of conducting clean-up operations.

The Landowners' second argument is that the trial court erred in deferring oversight of the clean-up activities to state agencies. Specifically, they argue that (1) the state agencies have a lower standard for remediation than that required under the terms of the expired leases; and (2) that the testimony of agency personnel shows that they are not qualified to monitor the clean-up activities to ensure that State and Federal standards are met. This argument is without merit, as the trial court was acting pursuant to our direction in *Smith I*.

As stated above, "[d]irections by an appellate court to the trial court as expressed by the opinion and the mandate must be followed exactly and placed into execution." *Wal-Mart Stores*, 356 Ark. at 499, 156 S.W.3d at 253. In *Smith I*, 355 Ark. 510, 521, 140 S.W.3d 475, 483, we directed the trial court to lift the TRO and permit the Oil Companies to remediate the land "under such reasonable guidelines as the court may set." Furthermore, we stated:

> in this regard, that various state agencies, including but not limited to the Arkansas Oil and Gas Commission, the Arkansas Department of Environmental Quality, and the Arkansas Health Department have a direct interest in assuring that remediation of contaminated soil is performed in a correct and efficient manner. The circuit court may determine that those agencies should supervise any remediation efforts by the Oil Companies. As already mentioned in this opinion, the circuit court when it modified its TRO on October 26, 1999, specifically referred to the involvement of the Arkansas Oil and Gas Commission in connection with the Oil Companies' removal of surface equipment and tubing from the wells.

*Id.* Consequently, the trial court's order requiring remediation and directing the Department of Environmental Quality, the Department of Health, and the Oil and Gas Commission to supervise the implementation of remediation, as each agency deemed appropriate, was

proper. Furthermore, the trial court directed the supervising agency to submit periodic reports on the remediation. It is clear from this order that the trial court was following our direction in implementing the remediation process, and, as such, was proper in so doing.

Additionally, it should be noted that the Landowners' arguments regarding the adequacy of the agencies' standards for remediation are not appealable at this time. *See Ward v. Williams*, 354 Ark. 168, 177, 118 S.W.3d 513, 518 (2003) (holding that "[i]t is further radiantly clear that appellate courts do not make findings of fact but rather review findings of fact of the circuit court to determine whether they are clearly erroneous."). *See also* Ark. R. Civ. P. 52(a). In the present case, the trial court's November 18th order explicitly states:

> This order is silent as to the standards for remediation. The issue of standards is a contested issue which will be resolved at trial. The choice by the Oil Companies of the standards to which they will remediate is their decision. That decision is not sanctioned or approved in any way by this order.

It is clear that the trial court reserved the issue as to the standard of remediation for trial, and, as such, we cannot review that issue in this appeal.

For their third point of appeal, the Landowners argue that the Oil Companies' proposed remediation actions could subject the Landowners to future liability under the Resource Conservation and Recovery Act (RCRA) and the Comprehensive Environmental Response, Compensation and Liability Act (CER-CLA). Upon review, we cannot address this argument because the trial court has specifically reserved the issue of standards for remediation for trial. *See Ward*, 354 Ark. 168, 118 S.W.3d 513. Therefore, this argument is inappropriate at this time.

The Landowners' final argument is that the trial court erred in failing to set adequate restrictions on the Oil Companies' clean-up activities. Upon review, this argument is without merit. In *Smith I*, 355 Ark. 510, 140 S.W.3d 475, we directed the trial court to implement remediation and gave the trial court the power to set reasonable guidelines for that process. The trial court's decision as to the remediation process was done in accordance with our mandate, and, as such, was proper. *Wal-Mart Stores*, 356 Ark. 494, 156 S.W.3d 249. Furthermore, the Landowners' argu-

ment relates to the standards for remediation that the Oil Companies must follow. As stated above, the trial court has specifically reserved the issue of standards for remediation for trial and left the choice of what standards for remediation to use to the Oil Companies. The trial court stated that it did not sanction or approve the Oil Companies' decisions, but that the issue of standards will be resolved at trial. As such, we cannot now address the Landowners' argument as it relates to restrictions on the Oil Companies' remediation procedure.

Lastly, on July 27, 2005, the Landowners filed a Motion to Strike Supplemental Addendum 03-09 from the record on appeal.[1] This motion is denied. On March 29, 2005, the Oil Companies filed a motion with the trial court requesting that the appeal record be supplemented to include additional enumerated documents, including the reports from the agencies approving the remediation work plans as the trial court had directed. The Landowners did not object to the motion at that time, and the trial court ordered that the record be supplemented on April 25, 2005. Because the Landowners were required to raise an objection in response to the Motion to Supplement the Record, and they did not, they are now barred from raising that objection on appeal through their motion to strike. *Alexander v. State*, 335 Ark. 131, 983 S.W.2d 110 (1998). Moreover, as the Supplemental Addendum contains reports that were filed pursuant to the trial court's November 18th order, it was proper to include them in the record.

Affirmed; Appellants' Motion to Strike Supplemental Addendum denied.

BROWN, J., not participating.

---

[1] At the time of filing, we passed on deciding the motion until the appeal was submitted before us. Thus, we will now examine the Landowners' motion.