Terry WILLIAMS *v.* STATE of Arkansas

CA CR 07-197                                            266 S.W.3d 213

Court of Appeals of Arkansas
Opinion delivered October 31, 2007

*Robinson & Associates, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Dustin McDaniel*, Att'y Gen., for appellee.

R OBERT J. GLADWIN, Judge. Appellant Terry Williams appeals the November 30, 2006 judgment and commitment order filed in Pulaski County Circuit Court imposing a six-year prison sentence upon him for possession of marijuana. Appellant contends that the circuit court erred by sentencing him contrary to this court's mandate. We affirm and direct our clerk to reissue the mandate according to the substituted opinion of May 24, 2006.

In July 2005 appellant was convicted by a Pulaski County jury of the offenses of possession of firearms by certain persons and second-offense possession of a controlled substance — marijuana.

He was sentenced to forty-years' imprisonment for the firearm-possession conviction and six-years' imprisonment for possession of marijuana. Appellant had previously been convicted of possession of cocaine, which is a Schedule II drug; therefore, the trial court increased his possession-of-marijuana charge to a second offense, making it a Class D felony.

Appellant appealed, and on March 15, 2006, this court reversed the firearm-possession conviction and reduced his conviction for possession of marijuana from a Class D felony to a Class A misdemeanor. The State then filed a petition for rehearing in this court and a petition for review in the Arkansas Supreme Court, contending in both that this court utilized Arkansas Code Annotated section 5-64-401(c)(2) (Supp. 2005) when sentencing appellant for his marijuana-possession conviction, but should have sentenced appellant in accordance with the statute in effect at the time of the commission of the crime, which was 2004. Because our opinion incorrectly relied upon the 2005 replacement of the statute, this court issued a substituted opinion on May 24, 2006, that analyzed the applicable 2003 statute, and affirmed the trial court's imposition of six-years' imprisonment, holding that appellant's conviction for possession of marijuana is a Class D felony under the 2003 statute. *Williams v. State*, 94 Ark. App. 440, 236 S.W.3d 519 (2006). Appellant subsequently filed a petition for review with the Arkansas Supreme Court, arguing that this court's initial opinion was correct.

By letter dated September 7, 2006, the clerk of this court advised both appellant and the State that the Arkansas Supreme Court had disposed of both parties' petitions for review, declaring one moot and denying the other. Also on September 7, 2006, this court issued a mandate, which refers to the opinion issued on March 15, 2006, rather than the substituted opinion dated May 24, 2006. The mandate states that it was this court's decision that appellant's case be reversed and dismissed in part, affirmed as modified in part, and remanded for resentencing. However, the substituted opinion of May 24, 2006, *Williams v. State, supra,* does not remand the matter for resentencing and simply affirms without modifying in part.

At the resentencing hearing held in circuit court on October 31, 2006, appellant argued that strict compliance with the mandate was necessary, notwithstanding this court's substituted opinion of May 24, 2006. The circuit court imposed a six-year prison

sentence and stated that appellant would be in a posture to appeal and allow this court to clarify its order. This appeal follows.

The mandate is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed. *Johnson v. State*, 366 Ark. 390, 235 S.W.3d 872 (2006). A lower court is bound by the judgment or decree of a higher court as law of the case and must carry the decision of the higher court into execution pursuant to the mandate issued by that court. *Smith v. AJ & K Operating Co.*, 365 Ark. 229, 227 S.W.3d 899 (2006). The lower court may not vary the decision or judicially examine it for any purpose other than execution. *Id.* A lower court may not vary the relief granted in the mandate and may not intermeddle even where there is apparent error in the mandate. *Id.* An inferior court has no power or authority to deviate from the mandate, and it must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. *Johnson, supra.* However, the courts have recognized some exceptions that might allow a matter to be revisited. They are (1) the availability of new evidence; (2) an intervening change of controlling law; (3) the need to correct a clear error or prevent manifest injustice. *Turner v. Northwest Ark. Neurosurgery Clinic*, 91 Ark. App. 290, 298, 210 S.W.3d 126, 134 (2005).

Appellant argues that the circuit court erred by imposing a sentence inconsistent with the mandate this court issued on September 7, 2006, which refers to its March 15, 2006 opinion. He acknowledges that the circuit court's decision to sentence him within the Class D felony range for the maximum six-year sentence very likely comported with this court's intentions. However, he maintains that the mandate rule requires exact compliance and therefore dictates reversal. He asserts that due to the magnitude of the liberty interest at stake, he seeks this court's ruling on whether the mandate rule applies herein, thus allowing the circuit court to sentence him as per the March 15, 2006 order, utilizing the 2005 replacement statute, rather than utilizing the statute in effect at the time of the commission of the crime. He notes that it is possible that this court could have intended to remand for the imposition of any sentence within the Class D felony range to permit consideration of the fact that when the circuit court imposed the maximum six-year sentence, he had just been found

guilty of the felon-in-possession-of-a-firearm charge that this court later reversed and dismissed.

■ Assuming the mandate in fact remanded the case for resentencing under the original opinion of March 15, 2006, the State maintains that appellant was properly sentenced to a term of six-years' imprisonment.[1] The State admits that the lower court may not vary the relief granted in the mandate and may not intermeddle even where there is apparent error in the mandate. *See Pro-Comp Mgmt., Inc. v. R. K. Enterprises, LLC*, 366 Ark. 463, 237 S.W.3d 20 (2006). The State claims, and we agree, that the trial court was aware that the remanded portion of the case was overturned by the substituted order and that the drug conviction had been affirmed. The remarks by the circuit judge at the close of the resentencing hearing illustrate his understanding. Thus, the judge was required to implement the mandate in light of the substituted opinion, which did not remand the case for any purpose. Therefore, no reversible error occurred and the trial court is affirmed.

■ We further direct our clerk to reissue the mandate in this case, correcting it pursuant to *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). In *Dawson*, our supreme court determined that Arkansas Rule of Civil Procedure 60 may be applied in theory to criminal cases. The court stated:

> Regardless of whether the current Rule 60(a) or (b) has been or ever could be applied to criminal cases, the theory behind the rule has been applied to criminal cases. *See, e.g., McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999); *Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (Ark. App.1979); *McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); *Richardson v. State*, 169 Ark. 167, 273 S.W. 367 (1925). . . . Exceptions to the ninety-day time limit [set

---

[1] The State asserts that appellant's failure to include the mandate at issue in the record on appeal or in his addendum prevents appellate review. The State argues that the mandate is the most crucial document at issue, and it is appellant's burden to produce a record sufficient to show that reversible error has occurred. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). However, Arkansas's appellate courts have taken judicial notice of their own actions in the past. *E.g., Shoemate v. State*, 339 Ark. 403, 404, 5 S.W.3d 446, 446 (1999) ("[W]e take judicial notice of the fact that we returned and declined to file a partial record submitted by appellant because appellant's notice of appeal was not filed by a licensed attorney or by appellant.") Therefore, this court is free to reach the merits of appellant's argument.

forth in Rule 60(a)] are noted in Rule 60(b) and Rule 60(c). Rule 60(b) allows "clerical errors" in "judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission" to be corrected at any time or with permission of the appellate court if the appeal is pending. In *McCuen*, for example, this court upheld a trial court's modification of an order over a year and a half after the original judgment had been filed and mandate had issued. The correction in *McCuen*, however, was made to include language in the judgment reflecting a fine levied against *McCuen* in open court but which was omitted in the written order. Such a correction is one that is specifically allowed under the current Rule 60(b) to correct a "clerical error" to make "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord v. Mazzanti*, 339 Ark. 25, 29, 2 S.W.3d 76 (1999), 339 Ark. at 29, 2 S.W.3d 76, 79 (1999).

*Id.*, 343 Ark. at 690, 38 S.W.3d at 323. Therefore, in order to make this court's record speak the truth, we direct our clerk to reissue the mandate correcting it to include the date and order contained in the substituted opinion of May 24, 2006.

Affirmed, and our clerk is directed to reissue the mandate according to the substituted opinion of May 24, 2006.

BIRD and HEFFLEY, JJ., agree.