PRO-COMP MANAGEMENT, INC., d/b/a The Right Solutions, an Arkansas Corporation, The D.L.J. Wright Industry, Inc., d/b/a The Right Solutions, an Oklahoma Corporation, and Amedistaf, LLC, d/b/a The Right Solutions, a Delaware Limited Liability Corporation *v.* R.K. ENTERPRISES, LLC, d/b/a Nationwide Nurses, a Nevada Corporation, Katherine Hefley, Mary Burks, Traca Lane, and Raymond Hefley

07-648                                                      272 S.W.3d 91

Supreme Court of Arkansas
Opinion delivered January 24, 2008

---

*Gilker & Jones, A Professional Association,* by: *Paul Alvin Gilker,* for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *Hermann Ivester* and *Margaret A. Johnston,* for appellees.

DONALD L. CORBIN, Justice. Pro-Comp Management, Inc., d/b/a/ The Right Solutions, an Arkansas corporation; The D.L.J. Wright Industry, Inc., d/b/a The Right Solutions, an Oklahoma corporation, and Amedistaf, LLC, d/b/a The Right Solutions, a Delaware limited-liability corporation (collectively TRS), appeal a decision of the Washington County Circuit Court entered upon remand in favor of R.K. Enterprises, LLC, d/b/a Nationwide Nurses, a Nevada corporation (Nationwide), Katherine Hefley, Mary Burks, Traca Lane, and Raymond Hefley. The decisions on the prior appeals in this case are *R.K. Enterprises, LLC v. Pro-Comp Management, Inc.,* 356 Ark. 565, 158 S.W.3d 685 (2004) (*R.K. I*), and *Pro-Comp Management, Inc. v. R.K. Enterprises, LLC,* 366 Ark. 463, 237 S.W.3d 20 (2006) (*R.K. II*). As this is a subsequent appeal, jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We find no error and affirm.

At the outset, we note that Nationwide has again questioned our subject-matter jurisdiction. *See R.K. II,* 366 Ark. 463, 237 S.W.3d 20. Nationwide also raises this issue in the companion case, *R.K. Enterprises, LLC v. Pro-Comp Management, Inc.,* 372 Ark. 199, 272 S.W.3d 85 (2008) (*R.K. III*). We adopt our ruling in *R.K. III* that the law-of-the-case doctrine bars Nationwide from now making the same argument, which this court had previously rejected.

The underlying facts can be found in *R.K. I* and *R.K. II*. As a recap, in *R.K. I*, this court concluded that the Arkansas Trade Secrets Act[1] prescribed the exclusive remedy for damages for misappropriation of trade secrets and held that the circuit court's award of damages for tortious conversion and conspiracy was reversible error. 356 Ark. 565, 158 S.W.3d 685. The case was remanded for the determination of damages under the Trade Secrets Act. *Id.* On remand, the circuit court denied TRS damages, and TRS appealed. In *R.K. II*, this court affirmed the circuit court's finding that TRS failed to show actual loss, but reversed and remanded for a determination of damages under unjust enrichment.

After the second remand, the circuit court held a hearing for the determination of TRS's damages under Ark. Code Ann. § 4-75-606(b) (Repl. 2001). In a March 20, 2007 order, the circuit court found "the Defendants" had been unjustly enriched by the misappropriation of TRS's trade secrets, and that the evidence presented on damages for unjust enrichment had been clearly established. It then used the fair market value of the trade secrets to measure the damages, and awarded TRS $262,303, as well as postjudgment interest.[2] On March 29, 2007, Nationwide filed a motion to modify judgment to specifically exclude all individual defendants, Ms. Hefley, Ms. Burks, Ms. Lane, and Mr. Hefley, from judgment. TRS then filed a motion for prejudgment interest on the judgment, as well as a motion for costs and attorneys' fees. On April 17, 2007, TRS filed a notice of appeal of the March 20 order.

On May 1, 2007, a hearing was held on Nationwide's and TRS's postjudgment motions. The court agreed with Nationwide that the March 20 order needed to be clarified and modified to reflect the intent of the court that "the findings exclude all individual Defendants from the judgment." However, the court denied TRS's request for prejudgment interest as well as for attorneys' fees and costs. The circuit court issued an order on June 12, 2007, reflecting these rulings. TRS filed an amended notice of appeal on June 14, 2007.[3]

---

[1] Codified at Ark. Code Ann. §§ 4-75-601 to -607 (Repl. 2001).

[2] Nationwide filed a notice of appeal on March 29, 2007, which is the subject of appeal in *R.K. III*.

[3] The amended notice of appeal states that TRS appeals from the judgment entered on March 20, 2007, as well as a judgment "entered in this case on April 12, 2007." No judgment was entered on this latter date. The judgment was actually entered on June 12, 2007, and

### Prejudgment Interest

TRS's first argument for reversal is that the circuit court erred in failing to award prejudgment interest on the judgment entered under section 4-75-606(b). Specifically, TRS argues that the fair market value of the misappropriated trade secrets, as calculated from their labor cost to produce, was sufficiently definite to satisfy the requirements for an award of prejudgment interest from the date of the misappropriation to the date judgment was entered. To support this argument, TRS cites to the circuit court's finding that there was sufficient evidence of fair market value to support findings as to the specific value of four misappropriated items, which the court added together to arrive at the market value of the misappropriated trade secrets at the time they were taken. TRS further argues that the market value of each misappropriated item was based on reasonably precise calculations accepted into evidence.

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 217 S.W.3d 797 (2005); *Ozarks Unlimited Res. Coop., Inc. v. Daniels*, 333 Ark. 214, 969 S.W.2d 169 (1998). Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion. *Id.* This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action. *Reynolds*, 364 Ark. 168, 217 S.W.3d 797. Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law. *Id.*; *Ozarks*, 333 Ark. 214, 969 S.W.2d 169. Nevertheless, prejudgment interest is always dependent upon the initial measure of damages being determinable immediately after the loss and with reasonable certainty. *See Wooten v. McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981).

---

TRS's arguments on appeal are clearly directed at the June 12 order. Under these circumstances, TRS's failure to designate the June 12 judgment in its notice of appeal is not fatal to its appeal of that judgment. *See Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995). *See also Dugal Logging, Inc. v. Ark. Pulpwood Co., Inc.*, 336 Ark. 55, 984 S.W.2d 410 (1999) (explaining that an appellant's noncompliance with Ark. R. App. P.–Civ. 3(e) does not render the notice automatically void).

In finding that Nationwide was unjustly enriched by the misappropriation of TRS's trade secrets, the circuit court determined that the correct measure of damages on the issue of unjust enrichment was the fair market value of the trade secrets, representing the benefit that Nationwide received by avoiding the payment of this value in order to obtain this information. The court awarded $262,303 in damages, the fair market value calculated from TRS's development, maintenance, and labor costs. The fact that the fair market value was based upon these costs, incurred prior to the misappropriation of trade secrets, defeats any argument that TRS was entitled to prejudgment interest. It is unrefutable that the key factor in determining the appropriateness of prejudgment interest is whether the exact value of the damages *at the time of the occurrence* of the event which gives rise to the cause of action is definitely ascertainable, without reliance upon opinion or discretion. In this case, the fair market value, as determined by the circuit court, has no relation to the value of the trade secrets at the time of the misappropriation because it involved the cost of developing and maintaining those secrets and not their exact value at the time of misappropriation. Accordingly, we affirm the circuit court's denial of prejudgment interest.

### Attorneys' Fees and Costs

Second, TRS argues that the circuit court erred in failing to award attorneys' fees under Ark. Code Ann. § 4-75-607(3) (Repl. 2001), and costs under Ark. R. Civ. P. 54. Specifically, TRS asserts that the misappropriation was willfully malicious as a matter of law.[4] In response, Nationwide argues, amongst other things, that we are barred from considering this issue on appeal because the issue of attorneys' fees and costs under section 4-75-607 was raised and not preserved on the first remand such that it is barred by the principles of res judicata and law of the case.

---

[4] TRS also argues that malice can be imputed to Nationwide because all of the appellees worked together to misappropriate the trade secrets, to harm TRS's business interests, and to rapidly profit from the use of the trade secrets such that they should all be jointly and severally liable for punitive damages. This argument is barred because the circuit court, in its January 21, 2003 order, denied TRS's request for punitive damages. This ruling was not appealed, and we cannot reconsider an issue already decided. *See Redden v. Ark. State Bd. of Law Exam'rs*, 371 Ark. 584, 269 S.W.3d 359; *Byrne*, 367 Ark. 451, 241 S.W.3d 229.

In the present case, TRS argues that the circuit court erred in failing to award it attorneys' fees pursuant to section 4-75-607(3). This is an argument previously raised by TRS and addressed by this court following the first remand. In *R.K. II*, TRS claimed that the circuit court erred in failing to award attorneys' fees under section 4-75-607(3) for willful and malicious misappropriation. We held

> [t]he order appealed from contains no reference to attorney's fees. TRS failed to obtain a ruling on this issue. The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal.

*R.K. II*, 366 Ark. at 469-70, 237 S.W.3d at 25 (citation omitted). Obviously, TRS is again requesting this court to consider the issue of attorneys' fees, something we cannot do. It is undisputed that the doctrines of res judicata and law of the case bar relitigation of an issue that has already been decided. *See Redden v. Ark. State Bd. of Law Exam'rs*, 371 Ark. 584, 269 S.W.3d 359 (2007) (explaining that a party is precluded from relitigating an issue that has already been decided); *Byme, Inc. v. Ivy*, 367 Ark. 451, 241 S.W.3d 229 (2006) (explaining that the doctrine of the law of the case prohibits a court from reconsidering issues of law and fact that have already been decided in a prior appeal).

Finally, TRS argues that it was entitled to costs pursuant to Rule 54(d). The June 12 order does not contain any findings by the circuit court related to costs or Rule 54(d). As such, TRS failed to obtain a ruling on this issue. The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *See R.K. II*, 366 Ark. 463, 237 S.W.3d 20.

### Individual Liability

TRS's final argument is that the circuit court erred when it failed to hold the four individual defendants, Ms. Hefley, Ms. Burks, Ms. Lane, and Mr. Hefley, jointly and severally liable on the judgment with Nationwide. Specifically, TRS challenges the circuit court's finding that these individuals did not retain any individual benefit or any unjust enrichment from the misappropriation, such that only Nationwide was liable under the Trade

Secrets Act.[5] TRS relies upon findings made by the circuit court in its original January 21, 2003 order to support its contentions that Ms. Hefley, Ms. Burks, Ms. Lane, and Mr. Hefley (1) intentionally stole TRS's valuable trade secrets with the specific intent to use them to start a competing business; (2) used these misappropriated trade secrets to start Nationwide and compete with TRS; (3) realized a monetary benefit from their use of TRS's trade secrets; and (4) materially benefitted, as did Nationwide, from their joint misappropriation.

Upon review, TRS's argument fails. First, TRS relies upon a ruling by the circuit court that was reversed on appeal. Although the circuit court initially awarded all damages as a joint and several judgment against Ms. Hefley, Ms. Burks, Ms. Lane, Mr. Hefley, and Nationwide, these damages were erroneously awarded under the tort of conversion. Specifically, in *R.K. I*, this court concluded that the Trade Secrets Act prescribed an exclusive remedy for damages for misappropriation of trade secrets, such that the circuit court's award of damages for tortious conversion and conspiracy was reversible error. Thus, the prior finding of joint and several liability for the tortious conduct is not applicable.

Second, TRS claims that there was no question of the underlying liability of the four individuals because they intentionally stole trade secrets, they used these secrets to start Nationwide and compete with TRS, they realized a monetary benefit by using these trade secrets, and they materially benefitted from their joint misappropriation. There is no doubt that these individuals participated in the misappropriation of TRS's trade secrets, but the question TRS wants answered is whether these individuals are responsible on the judgment award under the Trade Secrets Act.

Section 4-75-606 includes recovery of actual loss plus any unjust enrichment when the misappropriation of trade secrets is involved. *See R.K. II*, 366 Ark. 463, 237 S.W.3d 20; *R.K. I*, 356 Ark. 565, 158 S.W.3d 685. Actual loss means that damages are

---

[5] TRS sets forth that whether the individual appellees should be jointly and severally liable is an issue of law reviewed de novo. It is true that this court reviews questions of law under de novo review. *See Ark. Dep't of Health & Human Servs. v. Storey*, 372 Ark. 23, 269 S.W.3d 803 (2007). However, TRS is actually challenging the circuit court's finding that it had made a clerical mistake in the March 20 order and that only Nationwide is liable on the judgment. We review the circuit court's findings under a clearly erroneous standard. *See Ligon v. Stewart*, 369 Ark. 380, 255 S.W.3d 435 (2007).

calculated by determining either the plaintiff's lost profits or the defendant's gain, whichever affords greater recovery. *Id.* Put another way, the plaintiff's reward stems from a disgorgement of the defendant's profits. *Id.*

In *R.K. I,* with regard to the specific remedy authorized by section 4-75-606, this court noted that TRS

> admitted at the conclusion of the trial that the remedy for "the theft of trade secrets . . . would be some sort of disgorgement of profits, which would be difficult, if not impossible, for the court to determine on the three individual defendants [Hefley, Burks, and Lane]." To the same effect, the trial court found that the appropriate remedy of damages under the Trade Secrets Act is "to disgorge profits made by the relevant Defendants and the [trial] court finds that the three female defendants [Hefley, Burks, and Lane] have no profits to disgorge."
>
> The abstract before us does not reflect a determination of the issues relating to disgorgement of profits by Nationwide . . . .

356 Ark. at 575-76, 158 S.W.3d at 691. As the circuit court found, and this court reiterated, Ms. Hefley, Ms. Burks, and Ms. Lane had no profits to disgorge. On remand, the circuit court made the following relevant findings:

> 3. Damages resulting from the actions of individual defendants, Katherine Hefley, Mary Burks, and Traca Lane would have to be based upon some sort of disgorgement of profits or individual gain.
>
> 4. Individual defendants, Katherine Hefley, Mary Burks, and Traca Lane have no profits or unjust gains to disgorge, and therefore, damages based upon profits or any other gains against these three individual defendants are declined.
>
> 5. The Court also declines to issue any damages against individual defendant, Raymond Hefley, as there is no evidence to support a claim this defendant individually gained any profits or was otherwise individually unjustly enriched.

The court did not find that these individuals were unjustly enriched, as it did Nationwide. These findings were not appealed, and they

became the law of the case following *R.K. II. See Byrne,* 367 Ark. 451, 241 S.W.3d 229. Thus, it was not an error for the circuit court to rely upon them to correct the May 20 order to reflect that liability was on Nationwide only. These findings demonstrate that there was no evidence of any amount of profits or gains received by any individual defendants, such that there could be no disgorgement of profits from which to enter an award. Furthermore, these individuals were not unjustly enriched such that an award would be proper under section 4-75-606(b). As such, the circuit court did not err in holding that the judgment was to apply to Nationwide only.

Affirmed.