The Honorable Marilyn Edwards State Representative 2330 North Juneway Terrace Fayetteville, AR 72703
Dear Representative Edwards:
I am writing in response to your request for an opinion on the following:
 Does Act 1066 of 1999 [codified at A.C.A. § 24-12-120(b)],[1] establish retirement for all city attorneys in the state who meet the tenure and age requirements [set] forth in it?
RESPONSE
In my opinion, A.C.A. § 24-12-120(a) (Repl. 2002) vests discretion in the governing bodies of cities of the first and second class to decide whether to pay retirements benefits to city attorneys. If a city chooses to extend a retirement benefit to city attorneys under A.C.A. § 24-12-120(a), the city must comply with A.C.A. § 24-12-120(b) dictating the age and tenure requirements for such retirement benefits. Furthermore, the language of A.C.A. § 24-12-120 extends only to city attorneys for cities of the first and second class and does not establish retirement benefits for city attorneys of incorporated towns.
Arkansas Code Annotated § 24-12-120 currently states:
 (a) Upon approval by the governing body, a city of the first class or city of the second class may
provide for retirement benefits established by this section for a city attorney elected or appointed to office.
 (b) In all cities of the first and second class in this state, any person who shall serve as city attorney of the city for a period of not less than ten (10) years, upon reaching the age of sixty (60) years, or any person who shall serve as a city attorney for a period of not less than twenty (20) years, without regard to age, shall be entitled to retire at an annual retirement benefit during the remainder of his natural life, payable at the rate of one half (1/2) of the salary payable to the city attorney at the time of his retirement.
 (c) All payments of retirement benefits under this section shall be payable monthly and shall be paid from the general funds of the city.
Id. (emphasis added). Your question appears to be whether the provision of benefits is, after Act 1066 of 1999, mandatory.
Prior to the 1999 amendment effected by Act 1066, A.C.A. §24-12-120 stated:
 (a) Upon approval by the governing body, a city of the first or second class may provide for retirement benefits established by this section for a municipal attorney elected or appointed to office.
 (b) Any municipal attorney to whom this section applies who shall have served in office as municipal attorney for a period of not less than twenty (20) years shall be entitled to retire at an annual retirement benefit during the remainder of his natural life, payable at the rate of one half (1/2) of the salary payable to the municipal attorney at the time of his retirement.
 (c) All payments of retirement benefits under this section shall be payable monthly and shall be paid from the general funds of the city.
A.C.A. § 24-12-120 (Repl. 1996) (emphasis added).
Subsection (a), in both the original language of the statute and the language as amended by Act 1066 of 1999, states that a governing body may provide retirement benefits. "May" is generally considered to be a permissive or discretionary word, as opposed to a mandatory word. Lovett v. State, 267 Ark. 912,591 S.W.2d 683 (1979); see also Op. Att'y Gen. 99-141.[2] A court would likely conclude that subsection (a) properly gives the governing body of a city the discretion to provide or not to provide retirement benefits for city attorneys. This, in my opinion, was not affected by the 1999 amendment.
Prior to Act 1066 of 1999, subsection (b) referred to "municipal attorneys to whom this section applies." Because only cities of the first or second class could utilize this section, the section could only apply to municipal attorneys for cities of the first or second class in cities choosing to provide retirement benefits. Act 1066 of 1999 omitted this language. The current wording of subsection (b) references any person who has served a city of the first or second class as a city attorney. Because subsection (b) must be read in the context of the entire statute, it is apparent that the new language inserted by Act 1066 of 1999 did not expand the applicability of A.C.A. §24-12-120. As noted above, prior to the 1999 amendment, A.C.A. §24-12-120 applied to municipal attorneys for cities of the first or second class that choose to provide such benefits. Subsequent to the 1999 amendment, A.C.A. § 24-12-120 applied to city attorneys for cities of the first or second class but it is clear that the reference in subsection (b) in this regard must be read in light of the permissive language of subsection (a). When interpreting a statute, a court will read the statute for its plain and ordinary language and construe that language so that no word is left void, superfluous, or insignificant. See Op. Att'y Gen. 2005-138 (quoting Macsteel, Parnell Consultants v. Ar. Ok.Gas Corp., ___ Ark. ___, ___ S.W.3d ___ (June 23, 2005)). The entire statute or act will be read together "to give effect to every part." Williams v. Little Rock School Dist.,347 Ark. 637, 66 S.W.3d 590 (2002). If a city were to elect to offer retirement benefits to a city attorney under the discretionary provision of subsection (a), the city would then be required to comply with the standards in subsection (b).
In my opinion, any city attorney who serves a city of the first or second class that meets the tenure and age requirements set forth above is entitled to a retirement benefit under A.C.A. §24-12-120(b) if the governing body of the city has approved payment of retirement benefits per A.C.A. § 24-12-120(a).
In addition, the language of A.C.A. § 24-12-120 does not include incorporated towns; therefore a city attorney for an incorporated town is not covered by this section.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Arkansas Code Annotated § 24-12-122(b), addressing retirement benefits for deputy city clerks, is specified in your request for an opinion and the attached correspondence from your constituent. The context of your question, however, appears to implicate A.C.A. § 24-12-120 instead.
[2] While the word "may" could be interpreted as mandatory when the "provision of the statute is the essence of the thing required to be done," it is permissive when relating to the form or manner of a statute. Lovett, supra. In my opinion, the context of the statute supports the plain and ordinary meaning of "may" as permissive or discretionary.